DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nationwide Agribusiness Insurance Company ("Nationwide"), appeals from the decision of the Medina County Court of Common Pleas, which entered judgment in favor of Appellees, Mary Jane Burchard and Heinz Burchard, in the amount of $70,000.00. We affirm.
 I. {¶ 2} On August 20, 1999, Mary Jane was injured in an automobile accident when the car she was driving was hit by George E. Harvey. Mary Jane was driving a 1990 Buick owned by her husband Heinz. At the time of the accident, Mary Jane was employed by the Medina County Board of Mental Retardation and Developmental Disabilities ("MRDD Board"), which contracted with Appellant Nationwide for a commercial automobile policy. Heinz was employed by the Medina City School District ("School District"), which contracted with Nationwide for a commercial automobile insurance policy, an education liability policy, and an umbrella liability policy. It is undisputed that Heinz was not involved in the accident.
 {¶ 3} The Burchards filed a complaint in the Medina County Court of Common Pleas against Nationwide for underinsured motorist insurance ("UIM") as the insurance carrier for both Mary Jane and Heinz's employers, based upon the authority of Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660. Nationwide counterclaimed for a declaratory judgment, seeking, inter alia, declarations that the Burchards were not insureds under the policies and that there was no UIM coverage for the Burchards under the policies.
 {¶ 4} Thereafter, Nationwide filed a motion for summary judgment. Nationwide argued that (1) the education liability insurance policy was not an automobile liability policy of insurance; (2) boards of mental retardation and school districts have no statutory authority with which to purchase UIM insurance for off-duty employees or their family members; and (3) the Burchards did not meet the definition of who is an insured under any of the policies. The Burchards filed a cross-motion for summary judgment.
 {¶ 5} The trial court granted the Burchards' motion for summary judgment, finding that the Burchards were insureds under each of the policies. The parties filed joint stipulations for the determination of the amount of damages, and the court entered judgment in favor of the Burchards in the amount of $70,000.00. This appeal followed.
 II. First Assignment of Error
"The Trial Court Erred By Determining That Appellees Were Entitled To Uninsured/Underinsured Motorist Coverage Under a Policy Of Insurance Issued To The Appellee's Employer Pursuant To Scott-Pontzer And Its Progeny Where A County Board Of Mental Retardation And Developmental Disabilities Is Not Statutorily Permitted To Contract For Uninsured/Underinsured Motorist Coverage For Its Off-Duty Employees Or Their Family Members, And Where Such Employees And Their Family Members Are Not Insureds Under The Policy Terms."
 Second Assignment of Error
"The Trial Court Erred By Determining That Appellees Were Entitled To Uninsured/Underinsured Motorist Coverage Under A Policy Of Insurance Issued To The Appellee's Employer Pursuant To Scott-Pontzer And Its Progeny Where A School District Is Not Statutorily Permitted To Contract For Uninsured/Underinsured Motorist Coverage For Its Off-Duty Employees Or Their Family Members, And Where Such Employees And Their Family Members Are Not Insureds Under The Policy Terms."
 {¶ 6} In its assignments of error, Nationwide essentially challenges the grant of summary judgment in favor of the Burchards.
 {¶ 7} We begin our analysis by noting the appropriate standard of review. An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
 {¶ 10} On appeal, Nationwide asserts that the trial court erred when it granted judgment in favor of the Burchards because: (1) the MRDD Board was not permitted to purchase insurance coverage for off-duty employees or their families, and, therefore, the Burchards do not qualify as insureds under the policy issued by Nationwide to the MRDD Board; (2) the School District was not permitted to purchase insurance coverage for off-duty employees or their families, and, therefore, the Burchards do not qualify as insureds under the policies issued by Nationwide to the School District; and (3) neither the MRDD Board, nor the School District, had an insurable interest in Mary Jane or Heinz. The parties do not dispute the relevant facts. The issues before us are strictly questions of law.
 {¶ 11} We will first address the argument concerning the MRDD Board. This Court has previously addressed this issue in Vicars v.McCray, 9th Dist. No. 21087, 2002-Ohio-6033, appeal allowed,98 Ohio St.3d 1510, 2003-Ohio-1572. In that case, this Court held:
"A county board of mental retardation's authority to contract for UIM insurance is irrelevant to the determination of whether [employees and their family members] were insureds under the terms of the individual polices. That determination is based upon an interpretation of the language of the insurance policies in light of the Ohio Supreme Court's decision in Scott-Pontzer." Id. at ¶ 16.
 {¶ 12} Pursuant to this Court's decision in Vicars, Nationwide's argument that the Burchards are not entitled to UIM coverage under the policy issued to the MRDD Board because the MRDD Board lacked the statutory authority to purchase such insurance is without merit.
 {¶ 13} Nationwide next argues that the Burchards are not entitled to UIM coverage under the insurance policies issued to the School District because the School District lacked the statutory authority to purchase such coverage. This Court addressed this issue in Allen v.Johnson, 9th Dist. Nos. 01CA0046, 01CA0047, 2002-Ohio-3404, discretionary cross-appeal allowed, 2002-Ohio-5099, and Nationwide Agribusiness Ins.Co. v. Wagner, 9th Dist. No. 21013, 2002-Ohio-6119, appeal allowed,98 Ohio St.3d 1536, 2003-Ohio-1946. In Allen, we held that a school district's statutory authority to purchase UIM insurance was irrelevant to an analysis under Scott-Pontzer because the authority "has no bearing on determining the scope of UM/UIM coverage under the terms of the policies." Allen, at ¶ 22. We determined that a challenge to the statutory authority to enter into a contract for a particular type of insurance would instead be a defense to the enforcement of the contract. Id., citing Countrymark Cooperative, Inc. v. Smith (1997),124 Ohio App.3d 159, 164. See, also, Nationwide Agribusiness Ins. Co., at ¶ 11; Blanchard Valley Farmers Coop. v. Rossman (2001),145 Ohio App.3d 132, 136.
 {¶ 14} Based upon our previous decisions in Allen and NationwideAgribusiness Ins. Co. we find Nationwide's argument to be without merit.
 {¶ 15} Finally, Nationwide argues that neither the MRDD Board nor the School District had an insurable interest in the activities of either Mary Jane or Heinz, and therefore, the Burchards are not entitled to UIM coverage under any of the policies. This argument lacks merit. This argument has previously been rejected in Nationwide Agribusiness Ins.Co., supra. In that case, this Court noted that "[t]his argument was raised by Justice Cook in her dissent to Scott-Pontzer, unfortunately, the majority did not adopt this reasoning." Id. at ¶ 13. We therefore determined that whether an insurance company had an insurable interest in the individual seeking UIM benefits did not affect the analysis of whether that individual was an insured under the terms of the policy. Accordingly, whether the MRDD Board or the School District had an insurable interest in either Mary Jane or Heinz does not affect the analysis of whether they were insured under the policies issued by Nationwide to the MRDD Board and the School District.
 {¶ 16} Nationwide's arguments are without merit. Accordingly, the assignments of error are overruled.
 III. {¶ 17} Having overruled the assignments of error, we affirm the decision of the Medina County Court of Common Pleas.
Judgment affirmed.
WHITMORE, J. CONCUR.